UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
BRIAN JOSEPH GARRIO,

      Petitioner

v.

UNITED STATES OF AMERICA,

      Respondent.
--------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/4/24

**ORDER**

24 CV 5504 (VB)
21 CR 419 (VB)

  By order dated October 25, 2024, the Court permitted the government to file a response to a new allegation contained in petitioner Garrio's reply in connection with his pending Section 2255 motion. (Doc. #65).[1] The government did so by letter dated November 8, 2024. (Doc. #66). The government served its November 8 letter on Garrio on November 11, 2024, via overnight mail addressed to Garrio at FCI Schuylkill. (Doc. #67). In a letter dated November 12, 2024, Garrio notified the Court that his address had changed. (24cv5504, Doc. #15). Garrio's letter does not indicate when he began residing at the new address.

  In light of the foregoing, it is possible that Garrio did not receive the Court's October 25 order or the government's November 8 response. Therefore, the Court attaches both documents hereto. **If Garrio wishes to file a reply to the government's response, he must do so by no later than December 18, 2024.**

  Chambers will mail a copy of this order, as well as copies of the Court's order dated October 25, 2024, and the government's response dated November 8, 2024, to petitioner at the following address:

  Brian Joseph Garrio
  Reg. No. 43662-509
  2534 Creston Avenue
  Bronx, New York 10468

Dated: December 4, 2024
   White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[1] Unless otherwise noted, "Doc. # _" refers to filings on the criminal docket, 21 CR 419 (VB).

Case 7:21-cr-00419-VB Document 64 Filed 10/25/24 Page 1 of 1
Case 7:21-cr-00419-VB Document 68 Filed 12/04/24 Page 2 of 4

Copies Mail:
Chambers of Vincent L. Briccetti

```
                                            USDC SDNY
                                            DOCUMENT
UNITED STATES DISTRICT COURT                ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK               DOC #:
                                            DATE FILED: 10/25/24
```

--------------------------------------------------------x
BRIAN JOSEPH GARRIO,                :
                                    :
                    Petitioner      :     **ORDER**
v.                                  :
                                    :     24 CV 5504 (VB)
UNITED STATES OF AMERICA,           :     21 CR 419 (VB)
                                    :
                    Respondent.     :
--------------------------------------------------------x

On October 21, 2024, the Court received petitioner Garrio's reply in support of his Section 2255 motion. (Doc. # 63) [1]. In his reply, petitioner states, among other things, "contrary to the government's belief; I did seek to withdraw my plea but it was intervened by Margaret Shalley." (Id. at 9). Because this allegation was not previously raised in the original petition (Doc. # 52) or in petitioner's subsequent letters (Docs. # 55, 56, 57, 61, 62), by November 8, 2024, the government is directed to respond to this new allegation. If petitioner wishes to file a reply to the government's response, he must do so by December 2, 2024.

Dated: October 25, 2024
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[1] "Doc. # _" refers to filings on the criminal docket, 21 CR 419 (VB).

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

November 8, 2024

**BY ECF**

The Honorable Vincent L. Briccetti
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:   *United States v. Brian Joseph Garrio*, 21 Cr. 419 (VB)
             *Brian Joseph Garrio v. United States*, 24 Civ. 5504 (VB)

Dear Judge Briccetti:

      The Government respectfully submits this letter in further opposition to the motion ("Motion") of Brian Joseph Garrio ("Garrio") challenging his conviction and sentence under 28 U.S.C. § 2255 and seeking a writ of habeas corpus on various grounds, each purporting to allege different claims of ineffective assistance of his counsel, Margaret Shalley ("Ms. Shalley" or "defense counsel"). Specifically, pursuant to the Court's order, dated October 25, 2024 (Dkt. 65), the Government responds to the new allegation of Garrio raised in his reply brief, received by the Court on October 21, 2024 ("Reply") (Dkt. 63), that "contrary to the government's belief; [*sic*] I did seek to withdraw my plea but it was intervened by Margaret Shalley, further proving that I did not receive effective assistance of counsel" (Reply at 9). Like the rest of Garrio's claims of ineffective assistance of counsel discussed in the Government's opposition memorandum, filed September 23, 2024 ("Opposition") (Dkt. 59), this additional claim is without merit for the reasons set forth below, and Garrio's Motion should be denied.

      Garrio effectively alleges that Ms. Shalley failed to move to withdraw Garrio's guilty plea against his wishes. Rule 32(e) allows a defendant to withdraw a guilty plea before sentencing for "any fair and just reason." Fed.R.Crim.P. 32(e). It is well-settled, however, that "a defendant has no absolute right to withdraw his plea of guilty." *United States v. Avellino,* 136 F.3d 249, 261 (2d Cir.1998). Instead, the defendant bears "the burden of persuading the trial court that valid grounds for withdrawal exist." *United States v. Marquez,* 909 F.2d 738, 740 (2d Cir.1990).

      Here, Garrio provides no basis, for why he was entitled to withdraw his guilty plea. Garrio cites none, nor can he. As set forth in the Government's Opposition, Garrio pleaded guilty openly and voluntarily in a proceeding before Judge McCarthy that complied in all respects with the requirements of Federal Rule of Criminal Procedure 11 (Opp'n at 5-6, 22-23). In fact, Garrio's Reply appears to concede as much. (*See* Reply at 9 (acknowledging Garrio's statement to Judge McCarthy that he was "very much so" satisfied with Ms. Shalley's representation and stating that "I did not have any issues with Margaret Shalley until after the plea allocution.")). To the extent

Case 7:21-cr-00419-VB    Document 66    Filed 11/09/24    Page 2 of 2

U.S. v. Garrio, 21 Cr. 419 (VB)  
Garrio v. U.S., 24 Civ. 5504 (VB)  
Hon. Vincent Briccetti

Page 2 of 2  
November 8, 2024

that Garrio's argument rests on an overall complaint that Ms. Shalley pressured him to plead guilty (*see* Reply at 9), that is not a sufficient ground on which to withdraw a guilty plea, *see United States v. Polanco*, 367 F. App'x 226, 227 (2d Cir. 2010) (district court properly denied motion to withdraw guilty plea without further factfinding, despite defendant's assertion that counsel pressured him to plead guilty, where defendant "failed to offer any objective evidence that would undermine his clearly articulated voluntary plea").

In light of the foregoing, even assuming that Ms. Shalley did in fact decline to file a motion to withdraw Garrio's guilty plea, such a motion would have been meritless and frivolous. It has long been recognized that a defendant cannot establish ineffective assistance where he alleges solely that his counsel failed to file a frivolous motion. *See United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir. 1995); *United States v. Nersesian*, 824 F.2d 1294, 1322 (2d Cir. 1987). Courts have recognized the same as applied to motions to withdraw guilty pleas. *See, e.g., United States v. Maisonet*, No. 03 CIV. 3758 (DC), 2003 WL 21638209, at *3 (S.D.N.Y. July 10, 2003) ("counsel's failure to renew the motion did not constitute ineffective assistance" where "no viable basis existed for permitting defendants to withdraw their pleas"); *Cary v. Ricks*, No. 00 CIV. 8926(RWS), 2001 WL 1035141, at *6 (S.D.N.Y. Sept. 7, 2001) ("[I]t was not unreasonable for [defense counsel] not to seek to withdraw the guilty plea . . . when there was no legal or factual basis for doing so"); *Alexander v. Semple*, No. 12 Civ. 1074(JBA), 2015 WL 4715320, at *6–7 (D. Conn. Aug. 7, 2015) (finding "it would not have been ethical to file a motion that counsel thought was frivolous" and therefore "counsel was not deficient in choosing not to file a motion to withdraw the guilty plea").

Accordingly, Garrio's additional claim here is without merit, and the Court should deny his Motion.

Respectfully submitted,

DAMIAN WILLIAMS  
United States Attorney

By: _____  
Kevin T. Sullivan  
Assistant United States Attorney  
(212) 637-1587