```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
BRIAN JOSEPH GARRIO,                    :
                                        :
                    Petitioner,         :         OPINION AND ORDER
v.                                      :
                                        :         24 CV 5504 (VB)
UNITED STATES OF AMERICA,               :         21 CR 419 (VB)
                                        :
                    Respondent.         :
--------------------------------------------------------------x
```

Briccetti, J.:

Petitioner Brian Joseph Garrio, proceeding pro se, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. #52).[1] Liberally construed, Garrio alleges his court-appointed attorney, Margaret M. Shalley, Esq., was constitutionally ineffective for failing to: (i) object to the Sentencing Guidelines calculation, (ii) request an adjournment of his sentencing proceeding, and (iii) explain how a plea deal worked and misinforming him as to his potential sentence.[2]

For the reasons set forth below, the motion is DENIED and the petition is DISMISSED.

## BACKGROUND

The parties' submissions in the instant case, as well as the record of the underlying criminal proceedings, reflect the following:

In February 2021, while Garrio was employed as a truck driver for a national trucking company, he began issuing threatening messages to a manager using the company's internal communication system. The messages were violent in nature and included threats of, among

---

[1] "Doc. #__" refers to filings on the criminal docket, 21 CR 419 (VB).

[2] In resolving this motion, the Court has carefully considered all of the arguments made by Garrio in his various submissions. (Docs. ##52, 53, 55, 56, 57, 61, 62, 63, 70).

1

other things, "chok[ing] the shit out of" the employee and giving the manager's family "a closed casket" due to "facial desecration." PSR ¶ 11. Garrio was fired shortly thereafter, yet continued to make threats against his former coworkers. In addition, Garrio posted threatening messages to his social media accounts directed at police officers, stating he would "ruin a lotta cops lives in New York soon and there's nothing they can do to stop me." PSR ¶ 17.

In August 2020, in connection with an inquiry into prior allegedly threatening conduct by Garrio, Victim-1—a Federal Bureau of Investigation ("FBI") special agent based in Orange County, New York—met with Garrio's relative to conduct a routine threat assessment, during which Victim-1 provided the relative with her business card. In April 2021, Garrio posted a message to his social media account that referenced Victim-1. In the message, Garrio posted a slideshow of eight images that included stills from the film Goodfellas and references to the FBI. Three of the images referred specifically to Victim-1. One slide included a photo of Victim-1 accepting her FBI credentials at her FBI graduation ceremony. Another slide included a photo of Victim-1 from a documentary about the FBI, and a third slide featured an image from Goodfellas that included the following text: "Special Agent [Victim-1] from Brooklyn already watches me ha ha." PSR ¶ 22. All of the slides included the same comment: "#BrianTrucking31 already caught some bodies and when I give myself up or wen judgment day comes they will say on my documentary 'he boasted about it on social media in front of everyone and still got away with it' . . . #ParkDietz."[3] Id.

---

[3] Park Dietz is a forensic psychiatrist and psychologist known for his expert testimony and work in cases involving serial killers and assassination attempts of high-profile figures. PSR ¶ 22 n.2.

As a result of these and other threats, a federal arrest warrant was issued, in addition to state arrest warrants in Indiana and Virginia. On May 6, 2021, Garrio was arrested in Washington State pursuant to the federal warrant.

On May 17, 2022, Garrio pleaded guilty to a one-count indictment charging him with stalking in violation of 18 U.S.C. § 2261A(2)(B). Prior to the change-of-plea proceeding, the government provided defense counsel with a letter pursuant to United States v. Pimentel, 932 F.2d 1029 (2d Cir. 1991), setting forth the government's calculation of the advisory sentencing range under the U.S. Sentencing Guidelines. As relevant here, the government determined Garrio had three criminal history points, placing him in Criminal History Category II. As a result, the government calculated the guideline range as 41 to 51 months' imprisonment.

During the plea allocution, Magistrate Judge McCarthy inquired whether Garrio was satisfied with his attorney's representation and whether he had reviewed the Pimentel letter with defense counsel. Garrio answered both questions in the affirmative.

Prior to sentencing, the Probation Department prepared a presentence report (the "PSR") and calculated the guideline range as 46 to 57 months' imprisonment. The Probation Department identified two prior convictions that had been unknown to the government at the time of the Pimentel letter, resulting in an increase in Garrio's Criminal History Category from II to III. Accordingly, the Probation Department's Guidelines calculation was greater than the range in the Pimentel letter.

At sentencing on October 28, 2022, Garrio confirmed he had read the PSR and discussed it with his counsel. Defense counsel objected to two factual statements in the PSR, which the Court resolved in Garrio's favor. Neither party objected to the Guidelines calculation in the PSR.

During the sentencing hearing, Victim-1 spoke about the fear she and her family experienced because of Garrio's conduct.

The Court sentenced Garrio to 51 months' imprisonment and three years' supervised release. The Court found the sentence to be sufficient but not greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a), specifically the need for the sentence imposed to protect Victim-1 and her family as well as the general public, and to deter Garrio from engaging in similar conduct in the future.

Judgment was entered on October 28, 2022, and Garrio timely appealed. On May 23, 2024, the Second Circuit affirmed the conviction and sentence, stating, among other things, that the district court had "carefully considered and weighed the various sentencing factors set forth in [Section 3553(a)] in arriving at Garrio's within-Guidelines sentence." United States v. Garrio, 2024 WL 2350496, at *1 (2d Cir. May 23, 2024) (summary order).

On July 15, 2024, Garrio filed the instant motion.

## DISCUSSION

Based on the record before the Court and the Court's familiarity with the underlying criminal proceedings, the Court concludes Garrio's ineffective assistance of counsel claim is without merit and must therefore be denied.

I.    Ineffective Assistance of Counsel Claim

To prevail under the familiar standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), Garrio must (i) demonstrate his attorney's performance fell below an "objective standard of reasonableness," meaning it amounted to incompetence under "prevailing professional norms," id. at 688, 690, and (ii) affirmatively prove actual prejudice, meaning "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

4

been different," id. at 694, not merely that an error "had some conceivable effect on the outcome." Id. at 693.[4] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Moreover, "[j]udicial scrutiny of counsel's performance must be highly deferential," and the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. at 689. Indeed, the Court will not second-guess strategic or tactical decisions made by counsel. This is because there are many ways to provide effective assistance in a given case. "Rare are the situations in which the 'wide latitude counsel must have in making tactical decisions' will be limited to any one technique or approach." Harrington v. Richter, 562 U.S. 86, 106 (2011) (quoting Strickland v. Washington, 466 U.S. at 689).

A.  Failure to Object to Guidelines Calculation

First, Garrio argues the Guidelines calculation was erroneous and defense counsel failed to bring this allegedly incorrect calculation to the Court's attention. Specifically, Garrio contends (i) his prior criminal history placed him in Criminal History Category II, not Category III, and (ii) the six-level upward adjustment because Victim-1 was a government employee and the offense was motivated by such status was incorrect.

Garrio's argument is without merit. The guideline range was accurately calculated by the Probation Department and correctly adopted by this Court. The discrepancy between the government's initial Guidelines calculation in the Pimentel letter and the Probation Department's calculation was due to the government's lack of information regarding two of Garrio's prior

---

[4] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

convictions, which the Probation Department correctly determined would place Garrio in Criminal History Category III.  Moreover, the Court specifically inquired whether defense counsel had any objection to the criminal history calculation at sentencing given this discrepancy between the Pimentel letter and the PSR.  Defense counsel confirmed there was no objection to Garrio's criminal history as calculated in the PSR.  Finally, the six-level upward adjustment was appropriate because Victim-1, an FBI special agent, was a government employee and the offense was motivated by such status.  U.S. Sentencing Guidelines § 3A1.2(a), (b).

Under Strickland, defense counsel's failure to object to a correctly calculated guideline range based on prior criminal history and offense conduct does not fall below the "objective standard of reasonableness."  Strickland v. Washington, 466 U.S. at 688.  Given that the Guidelines calculation was correct, a defense objection to the calculation would have been futile.  For the same reason, Garrio cannot show prejudice under the second prong of Strickland because an objection would not have changed his criminal history, the offense conduct, or otherwise affected the Guidelines calculation.

In several letters filed subsequent to the filing of his Section 2255 motion, Garrio advances additional arguments which, broadly construed, similarly challenge the validity of his sentence.  For example, he contends defense counsel did not warn him of the presence of FBI agents at sentencing and this presence impacted the Court's decision, the sentence was somehow related to Victim-1's appearance, and the sentence was excessive.  As discussed above, the guideline range was accurately calculated given the offense conduct and Garrio's prior criminal history, the imposed sentence fell within this guideline range, and the Court found the sentence to be sufficient but not greater than necessary to comply with the purposes of sentencing set forth in Section 3553(a).  The presence of other FBI agents and Victim-1's appearance at sentencing

had no effect on the sentence imposed. Therefore, Garrio's additional complaints about his sentence are meritless.

Accordingly, Garrio's ineffective assistance of counsel claim on this ground is without merit.

B.  <u>Failure to Seek an Adjournment of Sentencing</u>

Next, Garrio contends he had a right to an adjournment of sentencing because the government's sentencing memorandum was not submitted in time for him to review. Garrio argues defense counsel denied him this right when she proceeded with sentencing against his wishes.

At sentencing, the Court admonished the government for the late filing of its sentencing submission, noting the impact of a late filing on the ability of the Court and the parties to prepare. The Court then inquired whether defense counsel had sufficient time to review the submission. Defense counsel responded that she had reviewed the government's submission "a number of times," and that there was nothing new in the submission. Counsel also said she had briefly discussed the submission with Garrio, and that she did not require an adjournment of sentencing. (Doc. #39 at 4-5). Therefore, as a threshold matter, Garrio misconstrues the Court's concern; the Court was focused on the impact of the government's late submission on the ability of defense counsel—not Garrio—to prepare for sentencing. And defense counsel said she was ready to proceed.

More importantly, defense counsel's decision not to seek an adjournment of sentencing did not constitute ineffective assistance of counsel. First, counsel's confirmation to the Court that she did not require an adjournment because she had had sufficient time to review the filing and there was nothing new in the filing was not unreasonable. Rather, this tactical decision to

proceed with sentencing falls well within "the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. at 689.  Given defense counsel's efforts to obtain a more favorable sentence for Garrio—as evidenced by the submission of a thorough sentencing memorandum, objections to certain factual statements in the PSR, and an extensive oral presentation—it was not unreasonable for her to proceed with sentencing despite the government's late submission.

In addition, Garrio cannot demonstrate that, but for his attorney's decision not to seek to adjourn sentencing, the result of the sentencing would have been different.  Indeed, counsel's efforts to secure a more favorable sentence prior to and during the proceeding were successful in that regard, as the Court imposed a sentence in the middle of the applicable guideline range despite the government's request for a sentence at the top of the range.  (Doc. #29).  At best, Garrio contends defense counsel's alleged error had some "conceivable effect on the outcome," which is insufficient to prove prejudice.  Strickland v. Washington, 466 U.S. at 693.  Therefore, Garrio cannot show prejudice from defense counsel's decision not to seek a sentencing adjournment.

Accordingly, Garrio's ineffective assistance of counsel claim on this ground fails.

C.     Guilty Plea

Finally, Garrio argues defense counsel was constitutionally deficient because she misinformed him of the difference between a plea deal and an open plea.  Garrio also contends defense counsel misinformed him he would receive a sentence of 24 months' imprisonment if he pleaded guilty, coerced him into pleading guilty, and prevented him from moving to withdraw his plea.

To prove ineffective assistance of counsel in the context of plea negotiations, a defendant must establish his attorney either failed to communicate a plea offer or failed to provide objectively reasonable advice about the decision to plead guilty.  See United States v. Gordon, 156 F.3d 376, 380 (2d Cir. 1998).  To satisfy the second prong of Strickland, a defendant must "show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).  "Where, as here, defendant's specific claim is that counsel has misled him as to the possible sentence which might result from a plea of guilty, . . . the issue is whether the defendant was aware of actual sentencing possibilities, and if not, whether accurate information would have made any difference in his decision to enter a plea."  United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005).

As a threshold matter, Garrio was not offered a plea deal.  Therefore, his claim regarding defense counsel's alleged failure to explain the difference between an open plea and a plea deal is baseless.  To the extent Garrio contends he was misinformed as to the consequences of his plea, this is contradicted by his own statements during the plea allocution that he understood the consequences of pleading guilty.  (Doc. #59-3 at 10–11).

Moving to Garrio's other arguments, he has not demonstrated defense counsel's performance fell below an objective standard of reasonableness or that he suffered any prejudice.  Despite defense counsel's alleged prediction that Garrio would receive a sentence of 24 months' imprisonment, a defense attorney's erroneous prediction of a defendant's sentence does "not constitute ineffective assistance of counsel because such predictions are, by nature, only guesses or estimates."  Francisco v. United States, 115 F. Supp. 3d 416, 420 (S.D.N.Y. 2015).  In addition, during the plea allocution, Garrio confirmed under oath that he understood the range of

9

sentencing possibilities and was aware the Court could not determine the appropriate sentence until after the presentence report was prepared and the parties had an opportunity to challenge any facts in the report as well as the calculation of the range or any sentence recommended in the report.  (Doc. # 59-3 at 16–17).  Garrio also confirmed that no one had made any promises to him to induce him to plead guilty or any specific promises about what the sentence would be.  (Id. at 25).  Therefore, Garrio has not demonstrated he was prejudiced by defense counsel's allegedly mistaken sentencing prediction.  See United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997).

Moreover, Garrio's coercion claim is contradicted by his sworn statements at the change-of-plea proceeding.  During the allocution, Judge McCarthy explicitly asked Garrio whether he had been threatened or coerced into entering the plea, to which he responded, "no."  (Doc. #59-3 at 8).  He also said he was entering the plea freely and voluntarily.  (Id.).  Statements made during a plea allocution "carry a strong presumption of veracity," United States v. Torres, 129 F.3d at 715, and Garrio's unsworn assertions of coercion are contradicted by his admissions under oath.  Therefore, the record is clear that Garrio knowingly and voluntarily pleaded guilty because he was guilty and for no other reason.

Finally, Garrio's contention that defense counsel was ineffective because she declined to move to withdraw his plea is meritless.  "A defendant has no absolute right to withdraw his plea of guilty." United States v. Avellino, 136 F.3d 249, 261 (2d Cir. 1998).  Instead, if a defendant seeks to withdraw a plea because he contends it was entered involuntarily, he must "raise a significant question about the voluntariness of the original plea." United States v. Torres, 129 F.3d at 715.  "A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." Id.  Here, Garrio offers no

reasons for why he would be entitled to withdraw his plea, and otherwise raises no "significant question" as to the voluntary nature of his plea. See id. (Doc. #63 at 9). Therefore, Garrio's hypothetical motion to withdraw his guilty plea would have been frivolous, and counsel's failure to file a frivolous motion does not constitute ineffective assistance. See United States v. Nersesian, 824 F.2d 1294, 1322 (2d Cir. 1987) ("Counsel certainly is not required to engage in the filing of futile or frivolous motions.").

In short, there is no evidence to support Garrio's contention that his attorney's conduct relating to his guilty plea fell below an objective standard of reasonableness. And even if counsel's performance was objectively unreasonable (which it was not), Garrio has not satisfied the heavy burden of showing "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. at 59. In other words, he has not affirmatively shown prejudice.

Accordingly, Garrio's ineffective assistance of counsel claim on this ground is without merit.

## CONCLUSION

Petitioner Brian Joseph Garrio's motion under 28 U.S.C § 2255 is DENIED and the petition is DISMISSED.

As petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this opinion and order to petitioner at the following address:

Brian Joseph Garrio
Reg. No. 43662-509
2534 Creston Avenue
Bronx, New York 10468

The Clerk is instructed to terminate the motion (Doc. ##52, 53) and to close case no. 24 CV 5504.

Dated: December 27, 2024
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge